```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF MISSISSIPPI
                JACKSON DIVISION
```

SILAS ANDERSON                                            PLAINTIFF

VS.                              CIVIL ACTION NO. 3:13CV402TSL-JMR

BLUE CROSS AND BLUE SHIELD,
THE UNIVERSITY OF MISSISSIPPI
MEDICAL CENTER, AND SOUTHERN FARM
BUREAU CASUALTY INSURANCE COMPANY                        DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of plaintiff Silas Anderson to remand pursuant to 28 U.S.C. § 1447 on the basis that the notice of removal was not timely filed.  Defendant Southern Farm Bureau Casualty Insurance Company (Farm Bureau), joined by defendant Blue Cross and Blue Shield (Blue Cross), has responded to the motion, and the court, having considered the memoranda of authorities submitted by the parties, concludes the motion should be denied.

Anderson filed the present action in the Circuit Court of Hinds County, Mississippi, on July 20, 2012 against defendants Blue Cross and UMMC seeking to recover benefits he claims are owed him under a health insurance policy issued to his wife through Farm Bureau, her employer, for medical expenses that Anderson incurred for injuries sustained in an automobile accident.  After Blue Cross filed a motion for summary judgment asserting it was not the insurer but rather the claims administrator, and that in

fact, Farm Bureau was the insurer, Anderson filed an amended complaint on May 22, 2013 adding Farm Bureau as a defendant. On July 25, 2013, within thirty days of service of the amended complaint, Farm Bureau filed a notice of removal, asserting federal question jurisdiction under 28 U.S.C. § 1331 since the insurance policy is an employer-sponsored self-funded health benefits plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*.

In his motion to remand, Anderson argues that removal was improper because state courts have concurrent jurisdiction over ERISA actions brought under 29 U.S.C. § 1132(a)(1)(B) for the recovery of benefits.  See 29 U.S.C. § 1132(e) (providing for concurrent jurisdiction of actions under section (a)(1)(B)). However, the fact that there is concurrent jurisdiction does not preclude removal. On the contrary, the Fifth Circuit has held that "[u]nless ... there is an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable." Baldwin v. Sears, Roebuck and Co., 667 F.2d 458, 460 (5th Cir. 1982). There is no Congressional prohibition on removal of cases brought under § 1132(a)(1)(B).  See Callison v. Charleston Area Med. Ctr., Inc., 909 F. Supp. 391, 394 (S.D. W. Va. 1995) (stating that "[t]he existence of concurrent jurisdiction [in a case brought under § 1132(a)(1)(B)] does not require remand" and that "where federal and state courts have

2

concurrent jurisdiction, Congress must expressly provide for nonremovability to prevent removal"); McWilliams v. Metro. Life Ins. Co., 172 F.3d 863, 1999 WL 64275, at *1-2 n.1 (4th Cir. 1999) (noting that the existence of concurrent jurisdiction does not preclude removal in cases brought under § 1132(a)(1)(B)) (unpublished opinion); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66, 107 S. Ct. 1542, 1548, 95 L. Ed. 2d 55 (1987) (noting that "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [of ERISA] removable to federal court").

Anderson further argues that the removal was untimely because Farm Bureau's alleged agent, Blue Cross, did not remove the case within thirty days upon being served with process, as required by 28 U.S.C § 1446 (b)(1). Section 1446 of Title 28, United States Code, states, in pertinent part,

> (b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

Anderson does not dispute that Farm Bureau filed its notice of removal within thirty days of service of process on Farm Bureau. Rather, he apparently contends that Blue Cross was Farm Bureau's agent for purposes of removal. He cites no authority for this proposition and the court has found none. While it is

3

alleged that Blue Cross was claims administrator of Farm Bureau's health plan and acted as its agent in that capacity, there is no factual or legal basis for plaintiff's suggestion that Blue Cross was Farm Bureau's agent for purposes of litigation. Section 1446(b)(1)(B) gives "each defendant" thirty days after service on such defendant to remove. Farm Bureau filed its notice of removal within thirty days of being served with process, and the notice of removal was thus timely in accordance with the removal statute.[1]

Accordingly, it is ordered that plaintiff's motion to remand is denied.

SO ORDERED this 26th day of August, 2013.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[1] In another removal context, consent to removal, the Fifth Circuit has held that each defendant whose timely consent to removal is required by the removal statute, see § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."), may manifest its consent to removal through some timely filed written indication from the defendant himself or from "some person or entity purporting to formally act on its behalf in this respect and *to have the authority to do so*, that it has actually consented to such action." Getty Oil v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). In all cases, however, the consent to removal must be the consent of the defendant himself; one defendant (even if in other respects an agent for the other defendant), may not consent to removal on the other's behalf. Rather, he may only convey the fact of the other defendant's consent to removal, and he may only do this where he actually has the authority to convey such consent. Blue Cross could not have failed to timely remove on behalf of Farm Bureau any more than it could have consented to removal on behalf of Farm Bureau.