```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION


SILAS J. ANDERSON                                PLAINTIFF


VS.                        CIVIL ACTION NO. 3:13CV402TSL-JMR


BLUE CROSS AND BLUE SHIELD,
THE UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,
AND SOUTHERN FARM BUREAU CASUALTY
INSURANCE COMPANY                               DEFENDANTS
```

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of defendant Blue Cross Blue Shield of Mississippi, A Mutual Insurance Company (Blue Cross) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Silas J. Anderson has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be granted.

Plaintiff Anderson filed suit in state court alleging that "Blue Cross & Blue Shield and/or Southern Farm Bureau Casualty Insurance Company issued to Silas J. Anderson a policy of insurance"; that "[o]n or about February 25, 2012, a vehicle accident occurred in which Plaintiff was injured and ... required medical attention"; that "the motorist driving the vehicle that caused the accident did not have vehicular liability insurance"; and that "an actual controversy exists as to whether Plaintiff is

entitled to insurance coverage for the injuries he sustained in the ... vehicle accident." He seeks a declaratory judgment that "the Defendant is liable to pay and indemnify plaintiff for all of the medical expenses incurred or to be accrued by Plaintiff with respect to any injuries incurred during the ... accident." Southern Farm Bureau removed the case to this court on the basis of federal question jurisdiction under 28 U.S.C. § 1331, since the insurance policy to which plaintiff's complaint refers is a self-funded health benefit plan sponsored by Southern Farm Bureau for its employees (including Anderson's wife, Rosie Anderson), which is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*.

ERISA provides participants or beneficiaries a method of civil enforcement "to recover benefits due to him under the terms of his plan," 29 U.S.C. § 1132(a)(1)(B), but does not identify who is a proper defendant in such a case. Blue Cross contends in its motion for summary judgment that it is not a proper party to this action as it is not the sponsor or insurer of the subject plan but rather is only the claims administrator. Citing Riley v. Blue Cross & Blue Shield of Mississippi, No. 3:09CV674HTW–LRA, 2011 WL 2946716 (S.D. Miss. July 21, 2011), Blue Cross asserts that a claims administrator is not a proper defendant in an action for the wrongful denial of benefits under an ERISA plan, and that the only proper defendant is the plan itself. As noted by Blue Cross,

2

the court in Riley declared, "The law is settled and clear in the Fifth Circuit and its District Courts that Blue Cross, as a third party administrator *only*, is not a proper party to an ERISA action seeking plan benefits." 2011 WL 2946716, at 3 (emphasis added) (citing Sikes v. Life Ins. Co. of North America, 2009 WL 4351474 (W.D. La. 2009)). The Riley court quoted from Sikes as follows:

> "[D]istrict courts within the Fifth Circuit have consistently held that the only proper defendant in an ERISA enforcement action is the plan itself, regardless of control over the plan." Johnson v. Hartford Life and Accident Ins. Co., No. H-09-56, 2009 WL 540959, *3 (S.D. Tex. March 4, 2009) (citing Lee v. Tyco Elec. Power Sys., Inc., No. 3:04-CV-2260-D, 2006 WL 1722569, *6-7 (N.D. Tex. June 20, 2006); Metro Life Ins. Co. v. Palmer, 238 F. Supp. 2d 831, 835 (E.D. Tex. 2002); Murphy v. Wal-Mart Assoc. Group Health Plan, 928 F. Supp. 700, 709 (E.D. Tex. 1996)).... [No] case in the Fifth Circuit has held that a third-party plan administrator that is not a plan's sponsor is a proper defendant.

2011 WL 2946716, at 3 (quoting Sikes, at 2). The court in Johnson, which was cited in Sikes, acknowledged that some circuits have "permitted suits against administrators, in addition to the plan as an entity, ... based on the administrator's control over the plan and fiduciary status[,]" Johnson, 2009 WL 540959, at 3, but it determined that the Fifth Circuit was not among those circuits, id. In fact, however, the Fifth Circuit more recently held in Firman v. Life Insurance Co. of North America that Life Insurance Company of North America (LINA), while not the ERISA Plan sponsor or administrator under the plan but rather the

3

designated claims administrator, was a proper defendant in a suit for the wrongful denial of benefits where the policies at issue "conferred upon LINA 'full discretionary authority to administer and interpret' [the] policies."  684 F.3d 533, 535 (5th Cir. 2012). This holding is in keeping with previous Fifth Circuit cases which implicitly recognized that a claims administrator is a proper defendant in an action under § 1132(a)(1)(B) where "[t]he claims administrator 'has full discretion and authority to construe and interpret all terms and provisions which relate to the amount of, or eligibility for, benefits under the Plan'[,]" even where the Plan "also states that 'the Employer has the responsibility for making final determinations regarding eligibility for coverage.'" Chandler v. Hartford Life, 178 Fed. Appx. 365, 369 (5th Cir. 2006).

Nevertheless, while a claims administrator that had "full discretion and authority" to administer and interpret the plan would be a proper defendant, the evidence adduced by Blue Cross shows that it is not in that category.[1]  The plan grants Blue

---

[1] The court notes that plaintiff did not identify Blue Cross as the claims administrator in his complaint but rather alleged only that "Blue Cross and/or Southern Farm Bureau ... is the insurer...."  Notwithstanding that documents submitted by Blue Cross plainly show that Blue Cross is not the insurer, plaintiff asserts in his response that he had and has "reason to believe" that Blue Cross is the insurer because it sent him an Accident Questionnaire following the accident and it paid two of his medical bills.  However, in taking these actions, Blue Cross was obviously acting in its capacity as claims administrator for Southern Farm Bureau.

Cross, as claims administrator, "the authority to interpret the Plan for purposes of initial processing and payment of claims and the denial of Medical Necessity of hospital or medical treatment." It goes on to state,

> However, the Claims Administrator does not underwrite or insure the participants in the Plan and the Claims Administrator is subject to the direction of the Group with respect to any questions regarding eligibility for claims payment, the amount of claims payment and any controversy involving employees and dependents with respect to the Plan.  The Group, with respect to the control and management of the operation and administration of the Plan, including the denial of claims for benefits, and with respect to the review of denied claims, shall have the discretionary authority to interpret the Plan, including the determination of whether and to what extent Covered Persons are eligible for coverage and Benefits under the Plan.

In his response to the motion, plaintiff does not address this Plan's explicit limitation on Blue Cross's discretion with respect to determination of eligibility for coverage and the denial of claims, and instead, he asserts that since the parties have yet to conduct discovery to determine whether the defendant is solely the claims administrator, "Defendant's Motion for Summary judgment should be denied or held in abeyance until discovery is complete." The Fifth Circuit has made clear that

> In order to obtain a Rule 56(d) continuance to respond to a summary judgment motion, the nonmovant must "present specific facts explaining his inability to make a substantive response ... and specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." <u>Washington v. Allstate Ins. Co.</u>, 901 F.2d

>   1281, 1285 (5th Cir. 1990) (internal quotations and
>   citations omitted) (construing former Rule 56(f)); see
>   also Fed. R. Civ. P. 56(d).

Shelton v. Lemons, 486 Fed. Appx. 395, 396-397 (5th Cir. 2012).

Here, as in Shelton, plaintiff "has not provided this court with any specific facts that suggest additional time for discovery would have enabled him to locate information that would ... successfully rebut[] [Blue Cross's] summary judgment motion, [and therefore] his ... Rule 56(d) [motion] fails." Id.

Based on the foregoing, it is ordered that Blue Cross's motion for summary judgment is granted.

SO ORDERED this 17th   day of October, 2013.


                                        /s/Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE

6